# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ORLANDO MEDINA,

              Plaintiff,

v.

UNITED STATES OF AMERICA, ALNER VALCARSA, EVELYN LASO, PUERTO RICO, MARIO GONZALEZ, CITY OF BARCELONETA, OSCAR CALON CUEVAS, RODOLFO DUENAS, JESUS RIVERA VEVGARA, and JANE/JOHN DOE,

              Defendants.

Case No. 19-CV-1163-JPS

**ORDER**

      Plaintiff Orlando Medina, an inmate confined at the Danbury Federal Correctional Institution in Danbury, Connecticut, filed a *pro se* complaint under 42 U.S.C. § 1983 alleging that the defendants violated his rights under federal law. (Docket #1). Because Plaintiff did not sign his complaint, the Clerk's office returned to him a copy of his complaint and ordered him to sign and return it within twenty-one days. (Docket #2). Plaintiff complied and returned a signed copy of his complaint. (Docket #5). On October 28, 2019, Plaintiff paid the full $400 filing fee.

      This case was previously assigned to Magistrate Judge Nancy Joseph. However, because not all parties have had the opportunity to consent to magistrate judge jurisdiction, the case was reassigned to a District Judge for entry of this screening order, which will dismiss the case.

Under the Prison Litigation Reform Act, the Court must screen complaints brought by prisoners seeking relief from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the Court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts that, if accepted as true, would "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). Consistent with the Seventh Circuit's

instruction, the Court construes *pro se* complaints liberally. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

Plaintiff brings his action against the United States of America, detectives Alner Valcarsa ("Valcarsa") and Evelyn Laso ("Laso"), the Commonwealth of Puerto Rico, Mario Gonzalez ("Gonzalez") of the Drug Enforcement Administration ("DEA"), the City of Barceloneta, Oscar Calon Cuevas ("Cuevas"), Rodolfo Duenas ("Duenas"), and Immigration Custom Enforcement ("ICE") Agent Jesus Rivera Vevgara ("Vevgara"). (Docket #5 at 1). He also names an unspecified number of "Jane Doe" or "John Doe" defendants, alleged to be "Fingerprint technicians." *Id.*

From January 8 through 10 and March 6, 2018, District Judge Pamela Pepper held a bench trial in a criminal case brought by the United States against the Plaintiff and found him guilty of conspiracy to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(B) and 846. *See United States v. Medina*, No. 15-CR-16-PP, Docket #84 & #88 (E.D. Wis.). On April 30, 2019, Judge Pepper entered judgment sentencing Plaintiff to 138 months' imprisonment. *See id.*, Docket #119.[1]

In his complaint before this Court, Plaintiff generally challenges his prosecution and conviction. (Docket #5 at 1–2). He alleges that each of the defendants "willfully, knowingly, and intentionally, within the scope of their duties, office, and employment," conspired with one another to deprive him of the "free exercise of established fundamental rights, privileges, and immunities" under the U.S. Constitution and laws of the Commonwealth of Puerto Rico. *Id.* at 1. He contends that he is the victim of

---

[1] The Court takes judicial notice of the filings in Plaintiff's criminal case, *United States v. Medina*, No. 15-CR-16-PP (E.D. Wis.). *See General Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1081 (7th Cir. 1997).

a false arrest, illegal search and seizure, and other defects in the investigation and prosecution of his criminal case. *Id.* He asserts that the Government intentionally disregarded "these Constitutional provisions" and conspired with its employees to "affect[] the outcome of the case." *Id.*

Plaintiff further alleges that the defendants "acted in deliberate indifference to citizenship rights to fabricate, manufacture, and plant false and illegal evidence in Plaintiff's car[,] which they stopped at a random check." *Id.* at 2. He asserts that defendants Cuevas, Rivera, Valcarsa, and Laso are known to have a "history of arrest as corrupted police officers." *Id.* He alleges that each defendant has harassed and falsely prosecuted innocent citizens of Puerto Rico, now including Plaintiff. *Id.*

Plaintiff purports to assert claims under *Bivens v. Six Unknown Fed. Agents*, 403 U.S. 388 (1971), and 42 U.S.C. §§ 1983, 1985, 1986, and 1988. *Id.* at 1. He separately "requests supplemental information" about alleged unlawful police conduct in Puerto Rico from 2006 through 2008 that, he alleges, led to his arrest on February 11, 2015. *Id.* at 2. He also seeks an investigation into corruption in the police station in the City of Arecibo, Puerto Rico, which he alleges was "used to falsify evidence to cause Plaintiff and other citizens to be arrested." *Id.* Finally, Plaintiff also seeks unspecified damages and sanctions for the officer–defendants. *Id.*

First, because Plaintiff is a federal inmate suing federal employees, his claims cannot be brought under 42 U.S.C. § 1983, which applies only to deprivations of constitutional rights committed by a person acting under color of *state* law. Therefore, his claims arise, if at all, under *Bivens v. Six Unknown Fed. Agents*, 403 U.S. 388 (1971). Any claim Plaintiff purports to bring under Section 1983 must be dismissed.

*Bivens* provides a right of action against federal employees who violate an individual's rights under the United States Constitution. The Seventh Circuit has recognized a *Bivens* cause of action for violations of procedural and substantive due process and claims "that law enforcement officers created false evidence to be used at trial." *Engel v. Buchan*, 710 F.3d 698, 702 (7th Cir. 2013) (quoting *Manning v. Miller*, 355 F.3d 1028, 1031 n.1 (7th Cir. 2004)). A suit under *Bivens*, however, may be brought only against individual officers for certain constitutional violations. A prisoner "may not bring a *Bivens* claim against the officer's employer, the United States, or the BOP." *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 72 (2001). Plaintiff therefore may not sue the United States, Puerto Rico, the City of Barceloneta, or any defendant in his or her official capacity under *Bivens*. *Id.*; *see Glaus v. Anderson*, 408 F.3d 382, 389 (7th Cir. 2005) ("[F]ederal prisoners suing under *Bivens* may sue relevant officials in their individual capacity only."). Nor may Plaintiff use *Bivens* to bring a claim against defendant Duenas, who is alleged to have been a witness in his criminal case. A *Bivens* claim is not appropriate against a private individual. *See Holz v. Terre Haute Reg'l Hosp.*, 123 F. App'x 712, 713 (7th Cir. 2005) (citing *Malesko*, 534 U.S. at 63, 66 & n.2).

Plaintiff may not bring his *Bivens* claims against the officer-defendants either. Plaintiff seeks damages in this action against the officer–defendants for their roles in his federal criminal matter. A prisoner may not raise claims in a civil rights action if a judgment on the merits of those claims would affect the validity of his conviction or sentence, unless the conviction or sentence has been set aside. *See Edwards v. Balisok*, 520 U.S. 641, 646 (1997); *Heck v. Humphrey*, 512 U.S. 477, 486 (1994). Taking as true Plaintiff's allegations that the defendants conspired against him and planted false evidence to convict him, his claims "'would necessarily imply

the invalidity of his conviction or sentence.'" *Allen v. Gibbons*, 176 F. App'x 671, 673 (7th Cir. 2006) (quoting *VanGilder v. Baker*, 435 F.3d 689 (7th Cir. 2006)). Because Plaintiff has not shown, much less alleged, that his conviction or sentence has been set aside, he is barred under *Heck* from raising these claims in this *Bivens* action. In fact, Plaintiff's case is currently on appeal before the Seventh Circuit. *See United States v. Medina*, 7th Cir. No. 19-1909. Unless and until he is successful on appeal, or in a post-conviction challenge, he may not maintain a civil-rights action for damages challenging the validity of his conviction.

Plaintiff also ostensibly brings claims under 42 U.S.C. §§ 1985 and 1986, though he does not specify the subsection under which he brings his claims. None of those claims have merit. Subsections 1985(1) and (2) "address[] conspiracies to prevent an officer of the United States from discharging duties, [and] conspiracies to obstruct or intimidate a party, witness, or juror in a court of the United States." *Dallas v. Hill*, No. 18-C-1657, 2019 WL 403713, at *3 (E.D. Wis. Jan. 31, 2019). Plaintiff is not a government official, and he does not allege any obstruction in a state-court case. These subsections therefore do not apply.

To state a claim under § 1985(3), a plaintiff must allege "first, that the defendants conspired; second, that they did so for the purpose of depriving any person or class of persons the equal protection of the laws; and third, that the plaintiff was injured by an act done in furtherance of the conspiracy." *Id.* (citing *Hartman v. Bd. of Trs. of Cmty. Coll. Dist. No. 508*, 4 F.3d 465, 469 (7th Cir. 1993)). Although Plaintiff alleges that the defendants conspired to obtain his false arrest and prosecution, he does not allege that they did so to deprive him of equal protection of the laws. He therefore does not state a claim under any subsection of § 1985.

Section 1986 makes liable any party who knows of a conspiracy under § 1985, has the power to prevent the conspiracy, and fails to do so if the conspiracy is carried out. 42 U.S.C. § 1986. Because Plaintiff fails to allege a conspiracy under any subsection of § 1985, he necessarily fails to allege a claim under § 1986.

Finally, Plaintiff does not have a constitutional right to an investigation or prosecution of the City of Arecibo police department. *See Wright v. Runyan*, 774 F. App'x 311, 312 (7th Cir. 2019) (citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973)). He also does not have a cause of action under Section 1988, which merely discusses the applicability of laws and awarding of attorney's and expert's fees in proceedings under 42 U.S.C. §§ 1981 through 1986.

For all of the foregoing reasons, Plaintiff's complaint must be dismissed. His constitutional claims against the officer-defendants will be dismissed without prejudice because they are barred by *Heck.* All other claims will be dismissed with prejudice for failure to state a claim.

Accordingly,

**IT IS ORDERED** that Plaintiff's *Bivens* claims for due process violations against any federal officers named as defendants (Docket #5 at 1–2) be and the same are hereby **DISMISSED without prejudice** because they are barred by *Heck.* Plaintiff's remaining claims, including constitutional claims against the United States, Puerto Rico, the City of Barceloneta, and Rodolfo Duenas, and claims under 42 U.S.C. §§ 1983, 1985, 1986, and 1988 (Docket #5 at 1–2) be and the same are hereby **DISMISSED with prejudice** for failure to state a claim; and

**IT IS FURTHER ORDERED** that this action be and same is hereby **DISMISSED**.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 17th day January, 2020.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge